

# Service of Process Transmittal

10/05/2016
CT Log Number 529958526

| | |
|---|---|
| **TO:** | William Woodbury, Asst. VP & Asst. General Counsel<br>AUTO-OWNERS INSURANCE COMPANY<br>6101 Anacapri Blvd<br>Lansing, MI 48917-3999 |
| **RE:** | Process Served in Tennessee |
| **FOR:** | Auto-Owners Insurance Company  (Domestic State: MI) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JENNIFER BLACKWELL and DAMIEN BLACKWELL, Pltfs. vs. Auto-Owners (Mutual) Insurance Company, Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Henderson County Circuit Court, TN<br>Case # 161312 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/05/2016 postmarked on 10/03/2016 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date this summons is served upon you |
| **ATTORNEY(S) / SENDER(S):** | J. Brandon McWherter<br>GILBERT RUSSELL McWHERTER SCOTT BOBBITT PLC<br>341 Cool Springs Blvd, #230<br>Franklin, TN 37067<br>(615) 354-1144 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/05/2016, Expected Purge Date: 10/10/2016<br><br>Image SOP<br><br>Email Notification,  William Woodbury  woodbury.bill@aoins.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710<br>216-802-2121 |

Page 1 of  1 / PS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
PH - 615.532.5260, FX - 615.532.2788
Jerald.E.Gilbert@tn.gov

September 30, 2016

Auto Owners Insurance Company
800 S. Gay St., Ste. 2021, % C T Corp.
Knoxville, TN  37929-9710
NAIC # 18988

Certified Mail
Return Receipt Requested
7015 0640 0007 0045 8128
Cashier # 28272

Re:   Jennifer Blackwell And Damien Blackwell  V.  Auto Owners Insurance Company

Docket # 16131-2

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served September 29, 2016, on your behalf in connection with the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Henderson County
    Courthouse, Main Street
    Lexington, Tn  38351

| HENDERSON County CIRCUIT COURT | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 1 | Case Number 16131-2 |
|---|---|---|

| JENNIFER BLACKWELL & DAMIEN BLACKWELL | Vs. | AUTO-OWNERS (MUTUAL) INSURANCE COMPANY |

**Served On:**

Auto-Owners (Mutual) Ins.   c/o Commissioner of Insurance, 500 James Robertson Parkway, Nashville TN 37243-0565

You are hereby summoned to defend a civil action filed against you in ___Circuit___ Court, ___Henderson___ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: September 22, 2016

Clerk / Deputy Clerk

Attorney for Plaintiff: J. Brandon McWherter, Gilbert Russell McWherter Scott Bobbitt PLC
341 Cool Springs Blvd., Ste 230, Franklin TN 37067

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____   By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Notary Public / Deputy Clerk (Comm. Expires _____ )

Signature of Plaintiff _____   Plaintiff's Attorney (or Person Authorized to Serve Process) _____
(Attach return receipt on back)

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

Rev. 03/11

IN THE CIRCUIT COURT OF HENDERSON COUNTY, TENNESSEE

FILED
SEP 22 2016
By: _____
Deputy Clerk

JENNIFER BLACKWELL
and DAMIEN BLACKWELL,

    Plaintiffs,

v.

AUTO-OWNERS (MUTUAL)
INSURANCE COMPANY,

    Defendant.

Civil Action No. 16131-2

JURY DEMANDED

## COMPLAINT

COME NOW the Plaintiffs, JENNIFER BLACKWELL and DAMIEN BLACKWELL, by and through counsel, and submit the following for their Complaint against AUTO-OWNERS (MUTUAL) INSURANCE COMPANY:

### PARTIES AND JURISDICTION

1. Jennifer Blackwell and Damien Blackwell (hereafter "the Blackwells") are citizens of Henderson County, Tennessee. At all times relevant hereto, the Blackwells were the owners of the realty and dwelling located at 97 Stormwood Lane, Huron, Henderson County, Tennessee (the "Insured Premises").

2. Defendant, Auto-Owners (Mutual) Insurance Company (hereafter "Auto-Owners"), which is organized in the State of Michigan and has its headquarters in the State of Michigan, is engaged in the insurance business in the State of Tennessee, including Decatur County.

3. This Complaint originates as the result of a fire that severely damaged the dwelling located on the Insured Premises and the contents located therein, and Auto-Owners' unlawful failure and refusal to promptly and fully pay the Blackwells' insurance claim.

## FACTS

4. At all times relevant hereto, the Blackwells were the insureds pursuant to an insurance contract whereby Auto-Owners agreed to insure the dwelling, other structures, and personal property located at the Insured Premises against property damage, bearing Policy No. 48-744-541-00 (the "Policy"). The Policy's term was March 8, 2015 to March 8, 2016. The Policy is incorporated herein by reference as if set forth verbatim.

5. At all times relevant hereto, the Insured Premises consisted of a residential dwelling and surrounding area in which the Blackwell family resided.

6. The Policy provided insurance coverage for accidental direct physical loss to the dwelling located on the Insured Premises, as well as coverage for damage to personal property resulting from accidental direct physical losses. The Policy also provided coverage for debris removal, additional living expenses, damage to trees, shrubs, plants, and lawns, and such other insurance coverage as specifically set forth in the Policy.

7. The Declarations page of the Policy reveals that coverage was provided in the following amounts:

    a. Dwelling      $144,500

    b. Other Structures      $14,450

    c. Personal Property      $101,150

    d. Additional Living Expenses      $28,900

8. The Policy is an "all-risks" policy, meaning that the Policy covered all risks of accidental direct physical loss except for those specifically excluded by the Policy.

9. Pursuant to the Policy, the Blackwells paid an annual premium to Auto-Owners in exchange for insurance coverage. The Blackwells paid the required premiums at all times relevant to this Complaint.

10. On or about January 14, 2016, an accidental fire damaged and/or destroyed the dwelling and personal property located on the Insured Premises, resulting in damage that greatly exceeds the policy limits to the dwelling (the "Loss").

11. The Policy was in effect at the time of the Loss, and the Loss is compensable under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

12. The Blackwells promptly reported the Loss to Auto-Owners.

13. The Blackwells fulfilled all of the duties after the Loss that were imposed upon them by the Policy.

14. Auto-Owners has acknowledged the Loss is a compensable claim and made certain payments on the claim, but has refused to pay the entirety of the Blackwells' claim.

15. Despite the fact that the Blackwells fulfilled all duties imposed upon them by the Policy and are at no fault in this matter, Auto-Owners wrongfully failed and/or refused to fully and promptly pay the Blackwells' claim for insurance proceeds.

16. On January 18, 2016, Auto-Owners' adjuster, Matthew Rogers, met with the Blackwells' public adjuster, Toby Johnson, at the Insured Premises. During the site meeting, Rogers and Johnson agreed to a compromise concerning the necessary scope of work to accomplish repairs. Thereafter, Mr. Rogers reneged on his agreement and payments were issued by Auto-Owners for substantially less than was promised by Rogers.

17. Auto-Owners' refusal to pay the money and benefits due and owing the Blackwells under the Policy has caused the Blackwells to seek legal counsel and to initiate this Complaint to recover the insurance proceeds and/or other Policy benefits to which they are entitled.

## CAUSES OF ACTION

### Breach of Contract

18. The allegations contained in the paragraphs above and below in this Complaint are incorporated herein by reference as if set forth verbatim.

19. The Policy issued by Auto-Owners was a binding contract, and is supported by valid consideration.

20. Auto-Owners is in total material breach of the Policy and is liable to the Blackwells in the maximum amount allowed by the Policy for the Loss. Specifically, Auto-Owners' breach of contract includes the following without limitation: (a) failure and refusal to pay the amounts owed to the Blackwells for the damage to the dwelling under the "Dwelling" coverage afforded by the Policy; (b) failure and refusal to pay all amounts owed to the Blackwells for the damage to their personal property under the "Personal Property" coverage afforded by the Policy; and (c) failure and refusal to pay such other amounts to the Blackwells as may be required by the Policy.

21. As a result of Auto-Owners' breach of contract, the Blackwells have sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to the replacement cost of the damage to the dwelling, replacement cost of the damaged personal property, and temporary repairs, plus consequential damages.

22. Auto-Owners is liable to the Blackwells for their losses.

23. Auto-Owners' breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange,*

4

436 S.W.3d 256, 276 (Tenn. Ct. App. 2013). Specifically, Auto-Owners intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of the Blackwells' claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding the Blackwells' claim for insurance proceeds; (3) unjustly refused and/or failed to pay the Blackwells' claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to treat the Blackwells' interests with equal regard to its own; (5) promised prompt action and claim-handling but then failed to provide reasonable payment to compensate the Blackwells for their insured losses; (6) failed and refused to pay the Blackwells' valid claim; (7) unnecessarily delayed payment of the Blackwells' insured losses; (8) misrepresented relevant facts and policy provisions to the Blackwells; (9) failed to acknowledge with reasonable promptness pertinent communications from the Blackwells; (10) failed to adopt and implement reasonable standards for the prompt investigation and settlement of claims; (11) forced the Blackwells to file suit in order to enforce their rights under the Policy; (12) offered the Blackwells substantially less than the amounts due the Blackwells; (13) failed to affirm or deny coverage within a reasonable time; (14) attempted to settle the Blackwells' claim for less than the amount that a reasonable person would believe the Blackwells were entitled; (15) ignored valid portions of the Blackwells' claim for no good reason and with no explanation; (16) lied to the Blackwells regarding matters pertinent to their claim; and (17) such other facts and circumstances as alleged in this Lawsuit and/or to be shown at trial. Auto-Owners knew, or reasonably should have known, that the Blackwells were justifiably relying on the money and benefits due them under the terms of the Policy. Nevertheless, acting with conscious disregard for the Blackwells' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on the Blackwells, Auto-Owners

consciously ignored the Blackwells' valid claim and then denied the Blackwells' claim and withheld monies and benefits rightfully due the Blackwells. The Blackwells seek, and are entitled to, punitive damages.

### Count II – Statutory Bad Faith

24. The allegations contained in the preceding paragraphs of this Complaint are incorporated by reference as if set forth verbatim herein.

25. Auto-Owners' refusal and failure to pay the amounts contractually owed to the Blackwells is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on Auto-Owners and full payment has not been made for the Loss as required pursuant to the Policy, for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

26. The bad faith of Auto-Owners is evidenced by the fact that, at all times material hereto, Auto-Owners knew, or reasonably should have known that the Blackwells were justifiably relying on the money and benefits due them under the terms of the Policy and as otherwise promised and represented by Auto-Owners, as well as the actions of Auto-Owners as set forth above and below. Nevertheless, acting with conscious disregard for the Blackwells' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on the Blackwells, Auto-Owners consciously refused to full pay the Blackwells for their insured losses and withheld monies and benefits rightfully due the Blackwells.

27. Auto-Owners' bad faith is evidenced by all of the facts and allegations set forth above and below in this Complaint, together with the following:

    a. Auto-Owners' intentional failure to fully inform the Blackwells of their rights and obligations under the Policy;

6

b. Auto-Owners' intentional failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of the Blackwells' claim when liability was reasonably clear;

c. Auto-Owners' intentional refusal to pay the Blackwells' claim and to otherwise honor its obligations under the Policy without conducting a reasonable investigation based on all available information;

d. Auto-Owners' intentional refusal to fully investigate the Blackwells' claim and to obtain all available information before alleging that it had no further obligations to the the Blackwells;

e. Auto-Owners' engaging in acts and practices towards the Blackwells that amount to acts of baseness, vileness, and/or depravity that are contrary to the good faith duties owed to the Blackwells;

f. Auto-Owners' failure to promptly provide the Blackwells with a reasonable and accurate explanation for its refusal to pay their claim in full;

g. Auto-Owners' intentional failure to properly adjust the Blackwells' claim and to pay the Blackwells fully for their losses;

h. Auto-Owners' intentional failure to pay all amounts due and owing to the Blackwells under the Policy with no reasonable or justifiable basis;

i. Auto-Owners' unjustified refusal to pay the Blackwells' claim for its own financial preservation;

j. Auto-Owners' wrongful, intentional, and repeated withholding of benefits due the Blackwells pursuant to the terms of the Policy; and

      k. Auto-Owners' engaging in a systematic scheme designed to save money otherwise due and owing to the Blackwells and other similarly situated insureds as a cost-saving mechanism.

28. In so acting, Auto-Owners intended to and did injure the Blackwells in order to protect its own financial interests, and should be punished via the twenty-five percent (25%) bad faith penalty authorized by statute.

WHEREFORE, as a result of the foregoing, the Blackwells would respectfully request that this Honorable Court award a judgment against Auto-Owners as follows:

A. For compensatory damages not to exceed $200,000.00;

B. For punitive damages against Auto-Owners not to exceed $2,000,000.00;

C. For the twenty-five percent (25%) statutory bad faith penalty;

D. For all costs incurred by the Blackwells as a result of this action;

E. For pre and post-judgment interest; and

F. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

The Blackwells demand a jury of their peers.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC

*signature*

J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
341 Cool Springs Blvd, #230
Franklin, Tennessee 37067
Telephone: (615) 354-1144
Facsimile: (731) 664-1540

CLINTON H. SCOTT #23008
cscott@gilbertfirm.com
101 N. Highland Ave.
Jackson, Tennessee 38301
Telephone: (731) 664-1340
Facsimile: (731) 664-1540

*Attorneys for the Plaintiffs*

## COST BOND

This Firm stands as surety for costs in this matter.

*signature*

9